[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16240
Non-Argument Calendar

_____

BIA No. A96-114-180

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2006
THOMAS K. KAHN
CLERK

F.N.U. SUSANTO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 21, 2006)**

Before CARNES, PRYOR and RONEY, Circuit Judges.

PER CURIAM:

F.N.U. Susanto, through counsel, petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying his motion to reopen his

proceedings regarding his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). We grant the petition for review and remand to the BIA so that it can directly address the "pattern and practice" claim for relief from removal.

On November 20, 2001, Susanto, a native and citizen of Indonesia, was admitted to the United States as a non-immigrant visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed May 19, 2002. On April 15, 2003, Susanto appeared for Special Registration and was interviewed by an immigration official. He admitted under oath that he failed to depart the United States on or before May 19, 2002, and he worked without authorization. Susanto indicated that he wished to apply for asylum because he feared that he would be physically harmed in Indonesia on account of his Chinese ethnicity.

After the usual administrative proceedings, well known to the parties, and denial of relief by the BIA, Susanto filed a motion to reopen his case and remand to the Immigration Judge to reconsider eligibility for asylum, withholding of removal, and relief under CAT based on changed country conditions. He asserted

2

that country conditions in Indonesia changed in October 2004, when a new President and Vice-President were elected with the support of radical Islamic groups, and their goal was to convert Indonesia into an Islamic state. Susanto's new asylum application, declaration, and exhibits in support of his application asserted that Muslim violence against Christians significantly increased after the October 2004 elections, resulting in the closure of churches and attacks on Christians. Further, he indicated that he feared returning to Indonesia because Vice-President Yusuf Kalla announced that he would implement state-sponsored discriminatory business policies against ethnic Chinese Indonesians.

Susanto cites recent case law, which is not binding on this circuit, to support this proposition. The Ninth Circuit held in March 2005 that "[w]hile all ethnic Chinese who remain in Indonesia face some risk of future persecution, two sub-groups are particularly at risk," including Christians, *Lolong v. Ashcroft*, 400 F.3d 1215, 1217 (9th Cir. 2005). That Court held that an asylum applicant can meet the burden of showing particularized-risk of persecution in the future by showing that he is a member of a sub-group that faces a heightened risk of future persecution. The Court identified ethnic Chinese Christians in Indonesia as one such sub-group. Petitioner argues that he is a member of a disfavored group as an ethnic Chinese, and of a disfavored sub-group, as a Christian. He maintains that the BIA erred in

3

ruling that he had to present particularized evidence concerning him individually to support claim of eligibility for relief from removal.

An applicant can establish a well-founded fear of persecution without showing that he would be singled out for persecution if

> (A) The applicant establishes that there is a pattern or practice in his or her country of nationality or, if stateless, in his or her country of last habitual residence, of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion; and
> (B) The applicant establishes his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is reasonable.

8 C.F.R. § 208.13(b)(2)(iii) (asylum); 8 C.F.R. § 208.16(b)(2)(i), (ii) (withholding of removal).

We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001) (addressing motion to reopen); *Assa'ad v. U.S. Attorney Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003) (addressing motion to reconsider). "Judicial review of denials of discretionary relief incident to deportation proceedings . . . is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" *See Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted) (addressing a

4

motion to reopen). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotation omitted).

A motion to reopen to apply or reapply for asylum shall state "new facts" that would be proven at a new hearing, but "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . .." 8 C.F.R. § 1003.2(c)(1), (c)(3)(ii).

The BIA's decision denying Susanto's motion to reopen does not give us a proper and sufficient basis for review because it is unclear whether the BIA properly considered Susanto's "pattern and practice claim" for relief from removal, aside from a showing that he would be singled out for persecution.

The BIA stated, "The respondent has not established changed country conditions in Indonesia for asylum and withholding of removal . . . The information the respondent has presented consists of general news articles that have nothing in them related to him." The juxtaposition of these sentences suggests that the BIA did not acknowledge that Susanto could have established a *prima facie* case for asylum from articles regarding generalized country conditions

5

under a pattern and practice theory of asylum eligibility.

Accordingly, the petition for review is granted and the BIA's order is vacated and remanded so that the BIA can specifically consider the motion to reopen based on Susanto's pattern and practice claim.

**PETITION GRANTED AND CASE REMANDED.**